[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
In this medical malpractice action which went to verdict in favor of the defendant, Dr. Joel B. Singer, on May 15, 2001, said defendant now moves for sanctions against the plaintiff, Frances Paolitto, and her attorney John M. Gasidlo, pursuant to C.G.S. § 52-190a, C.G.S. 52-568
and the inherent authority of the court. The court heard oral arguments on October 22, 2001 and offered to conduct an evidentiary hearing, which invitation was declined by all. The interests of the plaintiff herself were represented by separate counsel.
The defendant filed this motion on August 17, 2001, some three months after the verdict and judgment.[1] The defendant claims that neither the plaintiff herself nor her lawyer had a good faith belief before proceeding with the action, that there had been negligence in the care and treatment of the plaintiff by the defendant. This claim is based on the defendant's view that a certain written opinion rendered by a similar health care provider, Brian Davies, M.D., and relied on by plaintiffs counsel, was not adequate to create such a good faith belief and that Mr. Gasidlo's certification of good faith pursuant to § 52-190a was false.
The court has reviewed the claims of the parties and their respective memorandum of law, has examined the written opinion of Dr. Davies, the affidavit of the plaintiff and that of her lawyer, and having heard oral arguments and presided at the trial itselt the court is of the opinion that the attorney for the plaintiff, after reasonable inquiry, formed a good faith belief that grounds existed for an action against the defendant. The defendant has not proven that the certificate filed by Mr. Gasidlo was not made in good faith, or "that no justiciable issue was presented" against the defendant under § 52-190a.
Furthermore, the defendant has failed to prove that either the plaintiff or her attorney brought this claim in bad faith. Accordingly, the defendant is entitled neither to sanctions under the inherent power of the court, nor to an award under C.G.S. § 52-268. CT Page 15128
The defendant's motion is denied.
So Ordered.
D'ANDREA, J.T.R.